IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CECIL COLEMAN,
    Plaintiff,

vs.                                      Case No.: 3:11cv281/MCR/EMT

WALTER A. McNEIL, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

        This cause is before the court upon referral from the clerk. Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). He subsequently filed a motion to proceed in forma pauperis (doc. 12). On October 28, 2011, this court entered an order holding the motion to proceed in forma pauperis in abeyance until Plaintiff filed, within thirty (30) days, a Prisoner Consent Form and Financial Certificate signed by a prison official with an attached inmate account statement for the period December 9, 2010, through June 9, 2011 (doc. 15). Plaintiff failed to comply with the order; therefore, on December 5, 2011, the court issued an order requiring Plaintiff to show cause, within twenty-one (21) days, why this action should not be dismissed for failure to comply with an order of the court (doc. 19). The time for compliance with the show cause order has now elapsed, and Plaintiff has failed to comply with this court's order.

        Accordingly, it is respectfully **RECOMMENDED**:

        That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

        At Pensacola, Florida, this 3rd day of January 2012.

                                      /s/ *Elizabeth M. Timothy*
                                      **ELIZABETH M. TIMOTHY**
                                      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).